# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of JWS RERIGERATION & AIR CONDITIONING, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br> and <br><br> P & S CONSTRUCTION, INC. <br><br> Defendants. | CIVIL CASE NO. 17-00074 <br><br> **DECISION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Before the court is Defendant P & S Construction, Inc.'s ("P&S") Objection to Magistrate Judge Joaquin Manibusan, Jr.'s Report and Recommendation ("Report"). *See* ECF No. 43. Appearing on behalf of the Plaintiffs were Ms. Joyce C.H. Tang and Ms. Leslie Anne Travis. Appearing on behalf of the Defendants were Minakshi V. Hemlani and Mr. Eric N. Heyer. After careful consideration and after having reviewed the parties' briefs, relevant cases and statutes, and having heard argument from counsel on the matter on November 26, 2018, the

court hereby **ACCEPTS** in part and **REJECTS** in part the conclusions within the Report for the reasons stated herein.

**I. BACKGROUND**

    **A. Facts**

In 2014, P&S entered into a contract with the United States Government to upgrade the HVAC system in Building 18002 at Andersen Air Force Base. *See* R. & R. at 2, ECF No. 38. P&S as principal and Fidelity and Deposit Company of Maryland ("Fidelity") as surety furnished the United States with a payment bond in the amount of $3,412,700. *Id.*

P&S then subcontracted JWS Refrigeration and Air Conditioning, Ltd. ("JWS") to provide materials, labor, and equipment for the project. *Id.* Article 19.1 of that Subcontract provides:

> Subcontractor agrees that any and all claims or disputes arising out of or relating to this Agreement or the breach thereof shall be decided, at the sole discretion of Contractor, by submission to (1) arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association in a venue selected solely by Contractor or (2) judicial decision by the Middlesex County Superior Court in the Commonwealth of Massachusetts . . .

Subcontract at art. 19.1, ECF No. 1-3.

Following a dispute, P&S terminated JWS and refused to pay money that JWS claims it is due. R. & R. at 3, ECF No. 38.

    **B. Procedural History**

JWS initiated the present suit on June 28, 2017. Compl., ECF No. 1. JWS alleged four causes of action: (1) a Miller Act bond claim against Fidelity, *id.* at 6-7, (2) a breach of contract claim against P&S for failure to pay, *id.* at 7-8, (3) a breach of contract claim against P&S for wrongful termination, *id.* at 8, and (4) a quantum merit claim against P&S, *id.*

On July 18, 2017, P&S and Fidelity (collectively, "Defendants") moved to dismiss the complaint, or, alternatively, to stay this case pending the completion of arbitration. Mot. Dismiss

2

or, Alternatively, to Stay, ECF No. 5. Defendants argued this court lacks subject matter jurisdiction to entertain this dispute because P&S and JWS agreed to arbitrate "any and all claims or disputes arising out of or relating to" the Subcontract. *Id.* at 13. Defendants further argued that the interests of judicial economy weigh strongly in favor of a stay, because the parties are currently arbitrating a similar dispute in Boston and this case should be litigated at the same venue. ECF No. 5-1, at 16.

In opposition, JWS argued that the Subcontract's arbitration clause is unconscionable. Opp. at 5, ECF No. 10. In the alternative, JWS argued that even if its claims against P&S are subject to arbitration, its Miller Act claim against Fidelity is not. *Id.* at 15. Finally, JWS cross-moved to compel arbitration in Guam. *Id.* at 19.

In their reply, Defendants rebutted JWS's arguments related to the motion to stay and argued that compelling arbitration in Guam would amount to a judicial rewrite of the Subcontract's arbitration clause. Reply at 12, ECF No. 14. JWS subsequently filed a reply in support of its cross-motion to compel arbitration in Guam. Reply, ECF No. 17.

The Magistrate Judge held a hearing on Defendants' motion to dismiss or alternatively to stay. *See* ECF No. 26. At that hearing, the Magistrate Judge raised the issue that Defendants may have waived the arbitration clause by failing to initiate arbitration proceedings prior to filing their motion to dismiss or stay this case. Trscpt. at 75, 139, ECF No. 41. To address that issue, the Magistrate Judge permitted the parties to submit a Supplemental Statement of Facts. *Id.* at 143; *see also* P&S's Supp. Statement of Facts & Procedural History, ECF No.27; JWS's Supp. Statement of Facts and Procedural History, ECF No. 30.

On March 3, 2018, the Magistrate Judge issued his Report. R. & R., ECF No. 38. The Magistrate Judge found that P&S was in default in seeking arbitration. R. & R. at 9, ECF No. 38. However, because JWS consented to arbitration proceedings so long as they were held in Guam,

3

the Magistrate Judge recommended this court grant Defendants' motion to stay the proceedings but also grant Plaintiff's cross-motion to compel arbitration in Guam. *Id.*

Defendants object to that Report on three grounds. Obj. to Report, ECF No. 43. They argue that (1) they did not waive the Subcontract's arbitration clause, (2) JWS waived its right to compel arbitration in Guam, and (3) JWS's claims in this action are "inextricably intertwined" with its claims in a separate arbitration proceeding between JWS and P&S. *Id.* at 4.

## II. LEGAL STANDARDS

The parties disagree as to what standard of review this court should apply when reviewing the Magistrate Judge's Report. Defendants argue for de novo review pursuant to 28 U.S.C. § 636(b)(1)(A). Opp. at 5, ECF No. 43. JWS, by contrast, notes that a magistrate judge's report on nondispositive motions is reviewed under the clearly erroneous standard. Response at 2-6, ECF No. 46 (citing FRCP 72(a)). Thus, while JWS agrees that the Magistrate Judge's recommendation as to Defendants' motion to dismiss should be reviewed de novo, JWS argues that the Report's recommendation as to Defendants' alternative motion to stay should be reviewed for clear error. *Id.* at 4 (citing *Powershare Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) ("A federal court's ruling on a motion to stay litigation pending arbitration is not dispositive of either the case or any claim or defense within it.")).

JWS has cited no case in which a district court has applied different standards of review to the same Report. Nor has this court found any such case. More importantly, this court referred Defendants' motion in its entirety to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Order, ECF No. 8. This court's order of referral did not differentiate the motion to dismiss from the motion to stay. Absent that order of referral, this court would have directly ruled upon Defendants' motion. Therefore, it would be inappropriate for this court to apply anything less than de novo review to the Magistrate Judge's Report. Accordingly, this court proceeds with de

4

novo review.

**III. DISCUSSION**

**A. Whether Defendants waived the arbitration provision**

Defendants object to the Magistrate Judge's conclusion that P&S "defaulted and waived its rights under Section 3 of the FAA." R. & R. at 8, ECF No. 38. Section 3 of the Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. At issue is whether Defendants—"the applicant[s] for the stay"—are "in default in proceeding with such arbitration." *Id.*

"Waiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* Here, there is no dispute that Defendants knew of the existing right to compel arbitration. Obj. to Report at 6, ECF No. 43.

The primary issue is whether Defendants took actions inconsistent with their right to arbitrate. The Magistrate Judge reasoned that P&S "waived its rights" to arbitrate "when it failed to demand arbitration prior to [JWS]'s cross motion to compel arbitration in Guam." R. & R. at 8, ECF No. 38. The Magistrate Judge reasoned that P&S should have commenced arbitration months before JWS sued, that is, when the contractual dispute arose. *Id.* at 8. The Magistrate Judge further found that P&S unreasonably delayed to initiate arbitration proceedings "[i]n the

5

interest of saving money." *Id*.

"In determining whether a party was 'diligent,' courts ask whether the party seeking to compel arbitration did 'all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Skyline Restoration, Inc. v. First Baptist Church*, 2017 WL 6570077, at *1 (N.D. Ill. Dec. 21, 2017) (quoting *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)); *see also Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) ("A party who fails timely to invoke his right to arbitrate is necessarily in default when he later attempts to proceed with arbitration under Section 3.") (internal quotation marks omitted).

Defendants cite *Sims v. Montell Chrysler, Inc.*, 317 F. Supp. 2d 838 (N.D. Ill. 2004), for the proposition that a party may successfully seek a stay pending arbitration before commencing arbitration proceedings. Obj. to Report at 7, ECF No. 43. In *Sims*, the plaintiff sued a defendant for deception in connection with the sale of a car. 317 F. Supp. 2d at 839. As part of the sale agreement, the parties had signed an arbitration agreement. *Id.* Citing that agreement, the defendant moved for a stay pending arbitration. *Id*. The plaintiff objected, arguing that, at the time the defendant moved to stay, the defendant had neither commenced arbitration proceedings nor moved for an order compelling arbitration. *Id*. at 840. The *Sims* court disagreed with the plaintiff's position after analyzing circuit and Supreme Court precedent at length. *Id.* at 840-44. The *Sims* court reasoned that "there is little reason to require than an arbitration be commenced by a defendant against itself before a stay can be ordered." *Id.* at 841. Thus, the court concluded, the proper outcome was to grant the defendant's motion for stay, allowing the plaintiff to commence an arbitration proceeding, if it so chooses. *Id.* at 844.

JWS argues that the Subcontract's arbitration provision in this case is meaningfully different from the arbitration provision in *Sims*. Whereas the *Sims* arbitration provision

6

unequivocally provided that disputes would be resolved through arbitration, *id.* at 839, the JWS/P&S Subcontract arbitration clause is more nuanced. The arbitration provision in this case provides that claims arising out of this contract "shall be decided, *at the sole discretion of Contractor*, by submission to" arbitration *or* to "judicial decision by the Middlesex County Superior Court in the Commonwealth of Massachusetts." Subcontract at art. 19.1, ECF No. 1-3 (emphasis added). That language, JWS asserts, means that *only* P&S—and not JWS—has the right to file an arbitration demand. Response at 9, ECF No. 46. P&S does not dispute this interpretation of article 19. *See* Reply at 3, ECF No. 14 ("[T]he agreement calls for decisions solely by P&S regarding whether to litigate or arbitrate and to fix the locale of arbitration."). Therefore, JWS argues, if this court grants a stay pending arbitration, JWS will have no way to pursue its claims against P&S.

JWS's argument might have merit if there was evidence that P&S never intended to initiate arbitration proceedings. A lack of intent to arbitrate this case could amount to bad faith, as JWS claims. Response to Obj. at 15, ECF No. 46. But the undisputed fact is that P&S is attempting to arbitrate this case. In an arbitration proceeding stemming from a separate (but similar) subcontract between these parties, P&S amended the arbitration demand to include a claim against JWS stemming from the Subcontract at issue in this case. Supp. at 5, ECF No. 27. JWS answered that amended complaint and asserted its counterclaims against P&S. *Id*. at 6. Thus, JWS's claims notwithstanding, the evidence does not demonstrate that P&S acted in bad faith by moving to stay before an arbitration proceeding was in place. Nor did it act in bad faith by choosing Boston as the venue. Even assuming JWS is correct that arbitration would be more efficient in Guam, *see* Response to Obj. at 23-24, ECF No. 46, P&S bargained for the right to choose the venue.

This court finds that P&S did not take actions inconsistent with its right to arbitrate and

1 therefore, there is no prejudice to the opposing party. Twenty days after JWS filed its complaint,
2 Defendants moved to dismiss or stay this case. ECF No. 5. That time period does not constitute a
3 failure to timely invoke P&S's right to arbitrate. *See Zuckerman Spaeder*, 646 F.3d at 922.
4 Therefore, Defendants are "not in default in proceeding with [ ] arbitration," so this court must
5 "stay the trial of the action until such arbitration has been had in accordance with the terms of the
6 agreement." 9 U.S.C. § 3.

**B. Additional issues**

Given the foregoing conclusion—that P&S did not default on the Subcontract's arbitration provision—this court must deny JWS's motion to compel arbitration in Guam pursuant to Section 4 of the FAA. That section only applies if JWS was "aggrieved by the alleged failure, neglect, or refusal of [P&S] to arbitrate." 9 U.S.C. § 4. But P&S has not failed to arbitrate this matter, and JWS is not aggrieved.

This court need not address P&S's alternative claim that the issues of this case are inextricably intertwined with these parties' separate arbitration proceeding such that the cases must be combined. *See* Obj. to Report at 14, ECF No. 43. It is for the arbitrator—not this court—to determine whether the two arbitration proceedings are properly joined.

Finally, this court considers whether JWS's Miller Act claim against Fidelity is also subject to the arbitration provision. Defendants cite abundant authority demonstrating that "federal courts routinely stay Miller Act lawsuits pending arbitration to determine the contractor's liability." *United States ex. Rel. W. Ind'l, Inc. v. W. Surety Co.*, 2010 U.S. Dist. LEXIS 88532, *7 (D. Alaska 2010); *see also* Mot. Dismiss Or, Alternatively, to Stay at 12-15, ECF No. 5-1. Those decisions are grounded in the logic that "allowing litigation to proceed in this suit alongside arbitration would disserve the 'liberal federal policy favoring arbitration agreements.'" *United States f/u/b/o Milestone Tarant, LLC v. Fed. Ins. Co.*, 672 F. Supp. 2d 92,

102 (D.D.C. 2009) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). This court is unpersuaded by JWS's argument that language within the Subcontract's arbitration provision distinguishes this case from the cases cited by P&S. JWS's argument notwithstanding, article 19.1's explicit description of *one* situation in which a Miller Act claim will be stayed does not imply that the parties intended that to be the *only* situation in which a Miller Act claim would be stayed. *See* Opp. at 16-17, ECF No. 10. This court finds no language within the Subcontract that would indicate an intent for Miller Act claims to be exempt from arbitration; rather, article 19.1 explicitly covers "all claims or disputes arising of or relating to this [Subcontract]." Thus, JWS's Miller Act claim against Fidelity is likewise stayed pending completion of arbitration.

**IV. CONCLUSION**

For the foregoing reasons, the court hereby **ACCEPTS** in part and **REJECTS** in part the Magistrate Judge's Report. Specifically, this court:

1. **ACCEPTS** the Report's recommendation to deny P&S's motion to dismiss[1];
2. **REJECTS** the Report's finding that P&S was in default in seeking arbitration;
3. **ACCEPTS** the Report's recommendation to stay the proceedings pending arbitration;
4. **REJECTS** the Report's recommendation to compel arbitration in Guam.

Therefore, **IT IS HEREBY ORDERED** that:

1. P&S's Motion to Dismiss is **DENIED.**

2. P&S's alternative Motion to Stay the proceedings pending completion of the contractually mandated provision under article 19.1 of the JWS / P&S subcontract is **GRANTED**.

---

[1] The Report does not explicitly recommend that this court deny Defendants' motion to dismiss. Nonetheless, in recommending this court grant Defendant's alternative motion to stay, the Report implied that this court should not dismiss this case.

3. The parties shall file a joint status report no later than March 19, 2019, and every quarter thereafter. In addition, the parties shall appear for a status hearing before the Magistrate Judge on March 27, 2019, at 9:00 a.m.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Dec 19, 2018**